**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _____ : | | |
| OMAR WONG, | : | |
| | : | Civil Action No: 3:11-cv-04428 |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| AMERICAN CREDIT AND | : | |
| COLLECTIONS, LLC, | : | |
| | : | |
| Defendant. | : | |
| _____ : | | |

**WOLFSON, United States District Judge**:

Presently before the Court is Plaintiff's motion requesting default judgment and attorney's fees and costs on Plaintiff's Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1962, *et seq.*, claim. For the reasons expressed below, Plaintiff's motions will be granted.

**BACKGROUND**

Plaintiff Omar Wong claims that Defendant American Credit and Collections, LLC, violated the Fair Debt Collection Practices Act through its communications with Plaintiff regarding an unpaid debt. (Compl. ¶ 7.) Plaintiff claims that Defendant engaged in debt collection activities from March 2011 until June 2011, continuously calling her[1] cellular phone number during this period. *Id.* at 4. Plaintiff further claims that Defendant sought payment for an alleged debt that he owed to Penn Foster, a school that Plaintiff never attended. *Id.* at 4-5. Because Plaintiff never attended this school, she sent a letter to the Defendant on March 21,

---

[1]  Plaintiff's brief uses the pronoun "she" to refer to Plaintiff, although "Omar" may appear to be a masculine name.

2011, disputing the alleged debt and asking for verification.  *Id.* at 5.  Defendant did not respond to Plaintiff's March 21st letter, but sent another letter to her on April 20, 2011.  *Id.*  Defendant's April 20th letter again attempted to collect the Penn Foster debt, but did not provide verification of the alleged debt or acknowledge that Plaintiff had even requested this information. *Id.*  On April 22, 2011, Plaintiff sent a final letter to the Defendant that disputed and sought validation of the alleged debt.  (Compl. 5.)  Instead of responding to this letter, however, the Defendant reported the debt on the Plaintiff's credit report.  *Id.*

Based on the above factual allegations, Plaintiff filed a complaint on August 1, 2011, and effected service on defendant on October 28, 2011. (Docket No. 1, 3.)  Defendant failed to answer or otherwise appear in the action within the time prescribed by the federal rules, and Plaintiff thus requested a Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a).  The Clerk entered default against the Defendant on February 16, 2012.  On June 15, 2012, Plaintiff filed motions for default judgment, pursuant to Fed. R. Civ. P. 55(b), and for attorney's fees and costs. As of today, Defendant has not responded to nor opposed Plaintiff's motions.

**DISCUSSION**

Federal Rule of Civil Procedure 55 governs the entry of default judgment.  First, in order to obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must obtain an entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a).  Second, after the clerk of the court enters a default, the Court must then "ascertain 'whether the unchallenged facts constitute a legitimate cause of action.'" *Eastern Constr. & Elec., Inc. v. Universe Techs., Inc.*, No. 10-1238, 2011 U.S. Dist. LEXIS 1600, at *7 (D.N.J. Jan. 6, 2011) (quoting *DirecTV, Inc. v. Asher*, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *1 (D.N.J. Mar. 14, 2006)). "Default judgment is permissible only if the plaintiff's factual allegations establish a right to the requested

relief." *Id.* (citing *Berman v. Nationsbank of Del.*, No. 97-6445, 1998 U.S. Dist. LEXIS 2221, at *1 (E.D. Pa Mar. 2, 1998)).  Further, the Court should accept as true the well-pleaded factual allegations of a plaintiff's complaint, but need not accept the party's legal conclusions. *Id.* (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).  Third, the Court should consider: (1) whether the defendant has a litigable defense; (2) whether the defendant's delay is a result of his misconduct; and (3) if plaintiff would be prejudiced by the denial of default judgment." *Piquante Brands Int'l, Ltd. v. Chloe Foods Corp.*, Civil Action No. 3:08-cv-4248, 2009 U.S. Dist. LEXIS 50557, 2009 WL 1687484, at *2 (D.N.J. Jun. 16, 2009) (internal quotation marks omitted) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). Some courts further consider the effectiveness of alternative sanctions. *See*, *e.g.*, *National Specialty Ins. Co. v. Papa*, No. 11-2798, 2012 U.S. Dist. LEXIS 34047, 2012 WL 868944, *2 (D.N.J. Mar. 14, 2012) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)).

In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions").  While courts should consider each of the pertinent factors, the meritorious defense factor is a "threshold" inquiry; the absence of a meritorious defense is dispositive. *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir.1984). Overall, in considering all the factors, district courts are directed to resolve all doubt in favor of proceeding on the merits. *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987); *$55,518.05 in U.S. Currency*, 728 F.2d at 194 ("We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits.") (internal quotation marks omitted).  After a court finds an entry of

default judgment is appropriate, it should conduct an inquiry in order to determine the amount of damages to be awarded.  *Id.* (citing *Bank of Am., N.A. v. Hewitt*, No. 07-4536, 2009 U.S. Dist. LEXIS 48695, at *4 (D.N.J. June 9, 2009)).

### A.   Whether Plaintiff has Stated a Cause of Action

The FDCPA is a strict liability statute that was enacted to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Specifically, the FDCPA prohibits the acquisition of location information by wrongful means, 15 U.S.C. § 1692b, the use of wrongful communications in connection with debt collection, 15 U.S.C. § 1692c, the use of any conduct the natural consequences of which is to harass, oppress, or abuse any person, 15 U.S.C. § 1692d, any false, deceptive, or misleading representations or means, 15 U.S.C. § 1692e, and any unfair or unconscionable means, 15 U.S.C. § 1692f, to collect or attempt to collect any debt.  Pertinent here is 15 U.S.C. § 1692(g)(b), which provides:

> . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor is mailed to the consumer by the debt collector.

The FDCPA creates a private cause of action against debt collectors who violate this and any other of its provisions. *Brown v. Card Service Center*, 464 F.3d 450, 453 (3d Cir. 2006) (citing 15 U.S.C. § 1692k).

In determining whether a communication from a debt collector violates the FDCPA, a court must analyze the debt collector's statements from the perspective of the "least sophisticated debtor," *id.* at 454; *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 301 (3d Cir.

2008), in order to protect "all consumers, the gullible as well as the shrewd." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown*, 464 F.3d at 454). Although the "least sophisticated consumer" standard is a low standard, it nonetheless "'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Rosenau*, 539 F.3d at 221 (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 355 (3d Cir. 2000)).

In this case, Plaintiff claims Defendant violated nine specific sections of the FDCPA. Plaintiff further claims that he is a "consumer" and defendant is a "debt collector" as defined by the FDCPA, and this action occurs out of communications in connection with an alleged debt that was primarily for "personal, family, or household purposes." (Compl. 4.)  Plaintiff alleges that the Defendant sought payment for a debt that that Plaintiff did not believe she owed. *Id.* at 4-5.  Plaintiff disputed the debt in various letters to the Defendant, but instead of responding to any of Plaintiff's letters the Defendant simply continued to seek the debt and reported the debt on the Plaintiff's credit report. *Id.* at 5.

Based on these claims and accepting them as true, defendant clearly qualifies as a "debt collector" under the FDCPA. Moreover, the March 21, 2011 and April 22, 2011 letters sent by Plaintiff to Defendant disputing the alleged debt, the subsequent April 20, 2011 letter sent by Defendant that did not provide Plaintiff with verification of the debt, and Defendant's report of Plaintiff's alleged debt on her credit report constitute a violation of 15 U.S.C. § 1692(g)(b) because the Defendant did not cease debt collection once the Plaintiff disputed her debt. Moreover, defendant's alleged communication of false information regarding Plaintiff's credit to a third party constitutes a direct violation of § 1692e.  As a result of this false communication, Plaintiff now has incorrect information on her credit report.  Accordingly, the Court finds that

the facts plead in the Plaintiff's Complaint concerning the Defendant's debt collection practices are sufficient to state a cause of action under the FDCPA.

### B.      Factors Warranting Entry of Default Judgment

Having determined Plaintiff has stated a viable cause of action under the FDCPA, the Court must consider the three factors stated above: (1) prejudice to the plaintiff if default judgment is not granted; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's delay was the result of culpable misconduct. *Ford v. Consigned Debts & Collections, Inc.*, No. 09-3102, 2010 U.S. Dist. LEXIS 135385, *10 (D.N.J. Dec. 21, 2010) (citing *Chamberlain*, 210 F.3d at 164).  Regarding prejudice, Plaintiff will be prejudiced if the Court does not enter a default judgment because the Defendant has not responded to Plaintiff's claims, which leaves Plaintiff with no other recourse than filing for default. Defendant has demonstrated that it will not participate in this litigation because it has now failed to file an answer to the plaintiff's complaint or oppose Plaintiff's motion for default judgment.   A properly-served defendant who fails to appear should expect that a judgment may be entered against it.  *Educational Credit Management Corp. v. Aquatec Water Treatment, Inc.*, Civ. Action No. 10-6752 (WHW), 2011 WL 2746130, *1 (D.N.J. Jul. 12, 2011) ("When a defendant fails to appear, a district court is authorized to enter a default judgment based solely on the fact that the default has occurred.")  (citing *Anchorage Assocs. v. Virgin Is. Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir. 1990)).  Moreover, taking Plaintiff's allegations to be true, if the Court does not award Plaintiff judgment, her credit report will continue to inaccurately reflect that she owes the disputed debt.

Second, "a claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a

complete defense." *Ford*, 2010 WL 5392643, at *4 (quoting *Poulis*, 747 F.2d at 869-70).   A court cannot consider a defendant's defenses when it fails to respond to an action. *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, No. 08-2108, 2009 U.S. Dist. LEXIS 16531, 2009 WL 536403, at *1 (D.N.J. 2009) ("[B]ecause Ms. Ducker has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses.")).  Hence, courts in the District of New Jersey have found that when a defendant fails to answer a complaint, it is practically impossible to determine whether that defendant has a meritorious defense.  *GP Acoustics, Inc. v. Brandnamez*, LLC, No. 10-539, 2010 U.S. Dist. LEXIS 84244, at *10 (D.N.J. Aug. 17, 2010).   Here, Defendant has failed to answer the Plaintiff's Complaint, making it impossible for the Court to ascertain whether it has a meritorious defense. Furthermore, it is not likely that defendant could assert a complete defense because the FDCPA is a strict liability statute. Accordingly, the Court finds that even if the defendant had defended itself, it likely could not have asserted a meritorious defense.

Finally, a Defendant is "presumed culpable where it has failed to answer, move, or otherwise respond." *Slover v. Live Universe, Inc.*, No. 08-02645, 2009 U.S. Dist. LEXIS 17919, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (citing *Palmer v. Slaughter*, No. 99-899, 2000 U.S. Dist. LEXIS 22118, 2000 WL 1010261, *2 (D.Del. July 13, 2000)). Here, Defendant has failed to answer or oppose the Plaintiff's claims and motions respectively.  Accordingly, because the Court has found that plaintiff shall be prejudiced if default judgment is not granted, defendant does not have a meritorious defense, and defendant's failure to appear in this case is the result of its culpable misconduct, it is appropriate to enter to default judgment in favor of the Plaintiff.

### C.        Statutory Damages and Attorney's Fees

Plaintiff first requests $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k. Courts may award damages not to exceed $1,000.00 in cases filed by individuals regardless of whether the individuals suffered any actual damages. 15 U.S.C. § 1692k(a)(2)(A).   In determining the amount of damages to award, courts must consider, in addition to other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Here, the Court finds an award of $ 1,000.00 to be appropriate and reasonable given Plaintiff's repeated efforts to acquire verification of the alleged debt, the Defendant's failure to provide this verification, and the Defendant's subsequent report of the alleged debt on the Plaintiff's credit report.

Plaintiff also seeks $3,461.50 in attorney's fees and $392.60 in costs pursuant to 15 U.S.C. § 1692k. The U.S. Supreme Court has explained how the initial calculation of an award of attorney's fees should be calculated: "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The prevailing party bears the burden of proving, through competent evidence, the reasonableness of the hours worked and rates claimed. *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996).

In evaluating the reasonableness of the hourly rates asserted by Plaintiff, the relevant inquiry is the prevailing rate for comparable legal services in the forum of litigation. *See, e.g., Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 426 F.3d 694, 705 (3d Cir. 2005). Plaintiff bears

the burden "of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." *Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 225 (3d Cir.1997). A reasonable rate is determined by "assessing the experience and skill of the prevailing party's attorneys and compar[ing] the rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2011). The Court has broad discretion to determine an appropriate hourly rate. *See Washington*, 89 F.3d at 1036.

In the instant matter, Plaintiff utilized three attorneys billing at the following rates: Craig T. Kimmel, Esq. ($325 per hour); Amy L. Bennecoff, Esq. ($250 per hour) and Sara Young, Esq. ($200 per hour). Plaintiff also had three paralegals: Pete Keltz ($80 per hour); Dawn Grob ($125 per hour) and Jason Ryan ($125 per hour). To support their proffered rates, Plaintiff's counsel rely, in part, on their credentials and similar rates which were awarded in prior cases in this District.  For instance, Plaintiff's counsel cites to *Conklin v. Pressler & Pressler LLP*, where this Court awarded $325 per hour, $250 per hour, $200 per hour, $125 per hour, and $125 per hour to Mr. Kimmel, Ms. Bennecoff, Ms. Young, Mr. Ryan, and Ms. Grob respectively.  No. 10-3566, 2012 U.S. Dist. LEXIS 21609, at *14 (D.N.J. Feb. 21, 2012).  *See also Holzhauer v. Hayt, Hayt & Landau, LLC*, Civ. Action No. 11-2336, 2012 WL 3286059, *3 (D.N.J. Aug. 10, 2012). Based on the rates awarded in previous cases in this District and Plaintiff's counsel's credentials, this Court finds the rates charged by counsel are reasonable and finds no reason to doubt plaintiff's counsel's qualifications and billing rates. Accordingly, Plaintiff is entitled to such reasonable fees and costs.

A court must next "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant or otherwise unnecessary." *Interfaith Cmty Org.*, 426 F.3d at 710. Counsel certifies that it has expended a total of 17.7 hours of attorney and support staff time on this case.  The Court finds that these hours are also comparable to other default judgment cases involving the FDCPA.  For example, in *Ford v. Consigned Debts & Collections*, the court found that 17.7 hours was an appropriate amount to spend on a litigation of this type.  2010 U.S. Dist. LEXIS 135385, at *24. Further, going line by line through counsel's billing statement; the Court finds that counsel spent a reasonable amount of time corresponding with the Plaintiff, drafting the complaint, performing legal research, and filing motions.  Finally, counsel specifically noted instances where it did not bill the Plaintiff because it was accomplishing an administrative task.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment against Defendants is granted and Plaintiff may recover the sum of $4,854.10 which includes $1,000.00 in statutory damages, $3,461.50 in attorney's fees, and $392.60 in costs. An appropriate Order will follow.

  /s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

Dated: November 27, 2012